J-S55037-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MICHAEL D. STOKES, | |
| Appellant | No. 610 EDA 2016 |

Appeal from the PCRA Order January 28, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1126922-1991

BEFORE: LAZARUS, J., DUBOW, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.: **FILED JULY 19, 2016**

This is an appeal from the order entered in the Court of Common Pleas of Philadelphia County dismissing Appellant's second petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541 *et seq.* as untimely. We affirm.

On April 20, 1994, Appellant was sentenced to life imprisonment after a jury convicted him of, *inter alia*, first-degree murder. This Court affirmed judgment of sentence on May 30, 1995, and the Pennsylvania Supreme Court denied *allocatur* on December 18, 1995.

On September 6, 1996, Appellant filed his first PCRA petition. The PCRA court entered an order dismissing the petition and this Court affirmed the order on August 6, 1999.

Nearly seventeen years after Appellant's judgment of sentence became final, he filed his second PCRA petition on August 20, 2012, challenging the

*Former Justice specially assigned to the Superior Court.

constitutionality of his life imprisonment sentence under *Miller v. Alabama*, 132 S.Ct. 2455 (2010) (prohibiting mechanical mandatory sentences of life without opportunity for parole for juvenile offenders).[1] While disposition on that petition was pending, Appellant filed a self-styled "Supplemental Petition for Writ of *Habeas Corpus*" on October 26, 2015, challenging 18 Pa.C.S. § 1102 (a), under which he was sentenced, as constitutionally void for vagueness. On January 28, 2016, the PCRA court determined that *Miller* afforded Appellant no relief since it was undisputed that Appellant was twenty years and two months old at the time he committed the crime of murder for which he received his life sentence. Accordingly, it dismissed both the initial filing and the petition for *habeas* relief, which it treated as an amendment to the initial filing, as time-barred under the PCRA. This timely appeal followed.

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by evidence of record and is free of legal error. *Commonwealth v. Halley,* 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will

---

[1] In *Montgomery v. Louisiana,* 136 S.Ct. 718 (2016), the United States Supreme Court held that its decision in *Miller* applies retroactively in cases on collateral review. *See Commonwealth v. Secreti*, 134 A.3d 77 (Pa. Super. 2016) (interpreting *Montgomery* to make retroactivity under *Miller* effective as of the date of the *Miller* decision).

not be disturbed unless there is no support for the findings in the certified record. **Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa.Super. 2001). We apply a *de novo* standard of review and a plenary scope of review to challenges involving questions of law. **Commonwealth v. Rykard**, 55 A.3d 1177, 1183 (Pa.Super. 2012).

The PCRA's time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. **See Commonwealth v. Bennett**, 930 A.3d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies.[2]

---

[2] Specifically, the exceptions to the PCRA's timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(i)-(iii).

Appellant contends it was error to dismiss his petition for *habeas* relief under the rubric of the PCRA when the PCRA does not provide a remedy for the claim he raises therein. We disagree. It is well-settled that "[t]he PCRA at Section 9542 subsumes the remedies of *habeas corpus* and *coram nobis*." **Commonwealth v. Turner**, 80 A.3d 754, 770 (Pa. 2013). Indeed, 42 Pa.C.S. § 9542 provides "[t]he action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus* and *coram nobis.* " **See Commonwealth v. Descardes**, 2016 WL 1249964 (Pa. 2016) (holding if a defendant's claim is cognizable under the PCRA, the PCRA is the sole method of obtaining collateral review and a PCRA petition is subject to its restrictions).

The Pennsylvania Supreme Court has held that a claim that a defendant's constitutional rights were violated is cognizable under the PCRA and, therefore, the writ of *habeas corpus* is unavailable to advance such an averment. **Commonwealth v. Peterkin**, 722 A.2d 638, 640-41 (Pa. 1998). Appellant's claim challenging the constitutionality of the statute under which he was sentenced is, therefore, cognizable under the PCRA, and it follows that the PCRA stands as the sole means by which Appellant may seek relief for his claim. Accordingly, the PCRA court properly ruled that Appellant could not seek *habeas corpus* relief and dismissed his *habeas*

petition as an amendment to the untimely second PCRA petition he initially filed.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/19/2016